Pichowicz v. Atlantic Richfield       CV-92-388-M   09/20/96
                 UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


Nicholas and Joan Pichowicz, Plaintiffs,
and NH VT Health Service,
      Intervenor-Plaintiff,

      v.                                          Civil No. 92-388-M

Atlantic Richfield Company, Inc.,
      Defendant/Counter-Claimant, and
Stephen Bronstein; James Fokas;
and Herbert Miller, Defendants/
      Cross-Claimants/Counter-Defendants.


                              O R D E R


      In relatively lengthy pleadings, Defendant Atlantic

Richfield Company, Inc. ("ARCO") moves for summary judgment on

plaintiffs' claims, asserting comprehensively that, "There is no

evidence showing a release or a causal connection between the

former ARCO station and the property damage and personal injuries

for which plaintiffs now seek recovery."  ARCO's Motion for

Summary Judgment, document no. 77, p.2 (emphasis in original).

Plaintiffs object and, in equally lengthy pleadings, have

advanced numerous arguments and submitted numerous exhibits.

      As both parties acknowledge, summary judgment is

inappropriate if material facts are genuinely disputed.  Fed. R.

Civ. P. 56; Murphy v. Franklin Pierce Law Center, 882 F.Supp.

1176, 1180 (D.N.H. 1994) ("It is axiomatic that a court does not

find facts in ruling on a motion for summary judgment.  Instead,

the court construes the evidence in the light most favorable to the non-movant and determines whether the moving party is entitled to judgment as a matter of law." citing Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988)).

Extensive discussion beyond stating the standard of review and pointing to plaintiffs' expert's submitted affidavit is not warranted. Dr. Talkington's affidavit establishes material facts (presumably which are disputed) sufficient to preclude the comprehensive summary judgment sought by Defendant ARCO, such as:

1. At some time in the past, ARCO owned and leased to another person or entity a gasoline station/garage;

2. ARCO's gasoline was distributed to and stored in underground tanks on that site;

3. The ARCO station was up hill from plaintiffs' property;

4. Plaintiffs' property is contaminated by hazardous substances such as those found in ARCO's gasoline and likely used in the garage's operations;

5. Plaintiffs' expert, a hydrogeologist, having considered these and other facts referenced in his affidavit, has opined that "ARCO is the probable source of the Toluene contamination on the Pichowicz property," and "the ARCO service station is one of the sources of PCE, 1,2-DCE and TCE contamination of the Pichowicz property.

Therefore, as the plaintiffs offer evidence in support of their claims sufficient to permit a reasonable jury to find in their favor, they have established a genuine issue of material

2

fact that precludes summary judgment. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).

Accordingly, ARCO's motion for summary judgment (document no. 77) is denied.

SO ORDERED.

_____
Steven J. McAuliffe
United States District Judge

September 20, 1996

cc:  Linda J. Argenti, Esq.
     Joseph G. Abromovitz, Esq.
     M. Ellen LaBrecque, Esq.
     R. Stevenson Upton, Esq.
     Peter S. Wright, Jr., Esq.
     Thomas H. Richard, Esq.